## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS WALTER POLCYN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:26-cv-00302 |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| PAMELA BONDI, Attorney | § | |
| General of the United States, in her | § | |
| official capacity; | § | |
| NICHOLAS GANJEI, United | § | |
| States Attorney for the Southern | § | |
| District of Texas, in his official | § | |
| capacity; and | § | |
| THE UNITED STATES | § | |
| DEPARTMENT OF JUSTICE, | § | |
| FINANCIAL LITIGATION UNIT. | § | |
| | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff files this Verified Complaint and alleges as follows:

## INTRODUCTION

1. This civil action seeks a declaration under 28 U.S.C. § 2201 and injunctive relief under 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2. Plaintiff Thomas Walter Polcyn challenges the United States' assertion that it may continue to enforce a restitution judgment after the expiration of the statutory enforcement period set

forth in 18 U.S.C. § 3613(b), and its assertion that a private agreement between the parties can independently extend or revive federal enforcement authority.

3. The United States has expressly stated in writing that it intends to enforce the restitution lien and pursue foreclosure after July 15, 2025, based on both (1) statutory authority under § 3613 and (2) a private agreement executed in 2025.

4. Plaintiff seeks a declaration that enforcement authority expired on July 15, 2025, and that the 2025 Letter Agreement and Addendum cannot extend or revive federal enforcement authority.

5. Plaintiff also seeks a temporary restraining order and preliminary injunction to prevent imminent enforcement actions, including foreclosure, garnishment, levy, seizure, or any other collection activity.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1346, and 2201.

7. Sovereign immunity is waived for the non-monetary relief sought in this action under 5 U.S.C. § 702.

8. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District, the underlying criminal judgment was entered in this District, and the property at issue is located in Texas.

## PARTIES

9. Plaintiff Thomas Walter Polcyn is a resident of Spring, Texas.

10. Defendant United States of America is the sovereign entity asserting enforcement authority.

11. Defendant Pamela Bondi, Attorney General of the United States, is sued in her official capacity.

12. Defendant Nicholas Ganjei, United States Attorney for the Southern District of Texas, is sued in his official capacity.

13. Defendant United States Department of Justice, Financial Litigation Unit, a component of the United States Attorney's Office for the Southern District of Texas, is the entity asserting and executing enforcement actions.

## FACTUAL ALLEGATIONS

A. The Criminal Judgment and Statutory Expiration

13. On July 3, 2002, the United States District Court entered an Amended Judgment ordering Plaintiff to pay restitution in the amount of $504,201.00 in Case No. 4:00-cr-00544-07.

14. Plaintiff was released from imprisonment on July 15, 2005, as confirmed by the United States in a December 23, 2025, email.

15. Under 18 U.S.C. § 3613(b), the government's enforcement authority terminates 20 years after release from imprisonment.

16. The statutory enforcement period therefore expired on July 15, 2025.

17. The United States did not obtain any civil judgment, renewal, extension, tolling order, or other judicial action extending the enforcement period.

B. The 2025 Agreement and Addendum

18. In March 2025, the parties executed a Letter Agreement relating to the voluntary sale of Plaintiff's jointly owned property at 1221 Bay Street, Crystal Beach, Texas 77650.

19. Paragraph 5 of the Letter Agreement states that the lien and restitution obligation "shall not expire… notwithstanding any provisions to the contrary, including 18 U.S.C. § 3613."

20. In December 2025, the United States proposed an Addendum containing similar language.

21. The proposed Addendum was never signed by either party. It expired by its own terms on December 31, 2025, and no extension or executed version exists.

C. The Government's Written Admissions

22. On December 31, 2025, Plaintiff's counsel asked the United States to clarify whether it was asserting:

(1)  that the restitution lien remains enforceable under § 3613 after July 15, 2025; or

(2) that the parties' agreement provides an independent basis for continued enforcement.

23. The United States responded: "My answer is both."

24. The United States further stated that if Plaintiff did not sign the Addendum by December 31, 2025, it would "move forward with foreclosure."

25. The United States has not identified any statutory authority permitting enforcement after July 15, 2025.

D. Imminent Irreparable Harm

26. The United States has threatened foreclosure and other enforcement actions.

27. Enforcement after statutory expiration would cause irreparable harm, including loss of real property, clouded title, and unlawful seizure of assets.

28. Real property is unique, and its loss cannot be adequately compensated by money damages.

**CAUSE OF ACTION — DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

28. An actual controversy exists regarding whether the United States may enforce restitution after the expiration of § 3613(b) and whether a private agreement may extend or revive federal enforcement authority.

29. The controversy is definite and concrete, touches the legal relations of parties having adverse legal interests, and admits of specific relief through a decree of conclusive character.

30. Plaintiff seeks a declaration that:

    a. The United States' enforcement authority expired on July 15, 2025;

    b. The restitution lien is no longer enforceable;

    c. The 2025 Letter Agreement and Addendum cannot extend or revive enforcement authority;

    d. The United States may not foreclose, garnish, levy, seize, or otherwise enforce restitution.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests:

1. A declaration consistent with the above;

2. A temporary restraining order and preliminary injunction prohibiting all enforcement actions;

3. Costs and any other relief the Court deems just.

4. Any further relief the Court deems proper under 28 U.S.C. § 2202.

**VERIFICATION**

I, Thomas Walter Polcyn, declare under penalty of perjury that the facts stated in this Verified Complaint are true and correct to the best of my knowledge.

/s/ Thomas Walter Polcyn                          Date:        1/14/2026

Thomas Walter Polcyn

Respectfully submitted,

Fitzgerald U. Eze

Attorney for Thomas W. Polcyn

State Bar No. 24116336

8303 Southwest Freeway, Ste. 970

Houston, TX 77074

Phone: (832) 668-9000

Email: eze@jurisprudent.one