United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| THOMAS WALTER POLCYN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-302 |
| UNITED STATES OF AMERICA, *et al.*, | § § | |
| Defendants. | § § § § | |

**MEMORANDUM AND OPINION**

This civil action arises out of a criminal judgment against the plaintiff, Thomas Walter Polcyn, and the United States's attempt to collect the $162,156.69 of outstanding restitution owed on that judgment. *See United States v. Polcyn*, No. H-00-cr-544, ECF No. 544 (S.D. Tex. Feb. 13, 2026) (Petition to Foreclose Lien and Appoint Receiver) [hereinafter Foreclosure Petition]. Polcyn filed this civil action and moved for a temporary restraining order to block the government's attempt to foreclose on his house. (Docket Entry Nos. 1, 6, 7). The United States responded and moved to dismiss the case. (Docket Entry No. 12). Based on the pleadings, the motions, the responses, the record, the applicable law, and the arguments of counsel, the court grants the motion to dismiss, (Docket Entry No. 12), which it construes as a motion for summary judgment, FED. R. CIV. P. 12(d). The reasons for this ruling are set out below.

The facts are straightforward and undisputed. On July 3, 2002, this court entered an amended criminal judgment against Polcyn, ordering $504,201 in restitution. (Docket Entry No. 12-2 at 6 ($262,697 to Equicredit Corporation and $241,504 to First Bank Mortgage)). The outstanding restitution balance is $162,156.69. (Foreclosure Petition at 3). Under 18 U.S.C.

§ 3613(c), the United States obtained a lien against Polcyn's property.  In July 2004, the United States perfected its lien on Polcyn's property located in Harris County by recording notice of it in the County's Official Public Records of Real Property.  (Docket Entry No. 12-3).  The United States recorded notice of its lien with the Secretary of State as well.  (Docket Entry No. 12-4).

In 2024, the United States learned that Polcyn and his wife purchased a beach house in Galveston County, Texas.  (Foreclosure Petition at 3).   In September 2024, the United States perfected its lien as to Polcyn's property located in Galveston County by recording notice of it in Official Public Records of Galveston County.  (Docket Entry No. 12-5).

To prevent the United States from foreclosing on his Galveston County home, Polcyn entered into a letter agreement with the United States.  (Docket Entry No. 12-6).  Under the agreement, Polcyn "volunteered to sell" his house "and apply the proceeds to [his] outstanding restitution balance."  (*Id.* at 2).  The United States agreed "to the sale of the Polcyn Beach House under" several conditions, including that he would "list the" house "for sale on or before May 31, 2025" and grant the United States "rights relating to the sale of" his house.  (*Id.*).  The United States agreed "to release the Lien and execute[] a written letter releasing the Judgment and all Garnishments at the closing of an agreed upon sale on the conditions that" Polcyn sign the "Letter Agreement" and that the closing agent issue a certified check to the United States after the sale. (*Id.* at 2–3).  Importantly, by signing the agreement, Polcyn "agree[d] that the Lien and [his] restitution obligation shall not expire and shall continue in full force and effect pending the sale of" his house, "notwithstanding any provisions to the contrary, including 18 U.S.C. § 3613, until the USAO releases the Lien as described in Paragraph 4 of this Letter Agreement."  (*Id.*).  The agreement concludes with the provision that the "Lien and [Polcyn's] restitution obligation shall

2

not expire and shall continue in full force and effect, notwithstanding any provisions to the contrary, including 18 U.S.C. § 3613, until June 30, 2026." (*Id.*).

Polcyn sued to stop the United States from foreclosing on his house, arguing that the lien expired under § 3613(b). (Docket Entry No. 14 at 2). Under § 3613(b), "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." And under § 3613(c), any "lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." Polcyn was released from prison on July 15, 2005, (Docket Entry No. 1 ¶ 14), so the restitution lien was set to expire on July 15, 2025. The parties extended the lien through the letter agreement, but Polcyn argues the letter agreement is now ineffective.

According to Polcyn, Congress deleted from § 3613(b) language that expressly permitted the government to extend the expiration of restitution. The former version of § 3613, which Congress amended in 1996, provided that the 20-year period "may be extended, prior to its expiration, by a written agreement between the person fined and the Attorney General." *Roller v. United States*, No. CV-14-01484-PHX-DJH, 2015 WL 13759954, at *9 (D. Ariz. Nov. 6, 2015) (citing the former version of § 3613(b)). Polcyn argues that because courts must give effect to statutory deletions, *see Lamie v. U.S. Tr.*, 540 U.S. 526, 541 (2004), the court must hold that the parties did not extend the United States's § 3613 lien against his property, (Docket Entry No. 14 at 2–3).

The reason why Congress deleted the extension-by-agreement language in § 3613(b) is a mystery. As the government concedes, "[a] diligent search of legislative history does not reveal the purpose, if any, of omitting prior language sanctioning extensions by agreement." (Docket

Entry No. 12 at 10–11).  But whether intentional or an oversight, rational or irrational, the change in the statutory text is not material to this dispute.  The parties entered a distinct contract that extended the lien "notwithstanding any provisions to the contrary, including 18 U.S.C. § 3613, until June 30, 2026."  (Docket Entry No. 12-6 at 3).  Polcyn does not contest that, as a general matter, the government can contract with people and create liens through those contracts.  Nor could he.  *See, e.g.*, *N.Y. Trust Co. v. Va. Iron, Coal & Coke Co.*, 46 F.2d 248, 249 (5th Cir. 1931); *Conn. Mut. Life Ins. Co. v. Carter*, 446 F.2d 136, 138 (5th Cir. 1971); *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 740 (1979).  Under traditional contractual principles, Polcyn granted a contractual lien to the United States, and the United States may foreclose on that lien.  *See, e.g.*, *Magnolia Fed. Bank for Sav. v. United States*, 42 F.3d 968, 972 (5th Cir. 1995); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 354 (5th Cir. 1992).

In response, Polcyn argues that Congress, by deleting the extension-by-agreement language from § 3613(b), prevents the government from creating contractual liens based on an expiring restitution judgment.  (Docket Entry No. 14 at 6).  The court disagrees.  Even if this court were to accept Polcyn's position that Congress deleted the extension-by-agreement language to prevent agreements to extend restitution-judgment obligations, that conclusion offers little reason to think Congress intended to limit the government's general authority to contract.  Contractual obligations are distinct from judgment obligations, and § 3613(b) governs only the latter.  In addition, the United States's contract with Polcyn is supported by consideration independent of the judgment's post-July 2025 enforceability.  The government promised to forbear on collecting on the criminal judgment *while it was viable*, and Polcyn promised in return to sell his house and to grant a lien on the house and the proceeds from the sale.  (Docket Entry No. 12-6 at 2–3).  The government has a contractual right, through the letter agreement, to foreclose on Polcyn's house.

4

For these reasons, the motion to dismiss, (Docket Entry No. 12), is treated as a motion for summary judgment and is granted.  Polcyn's motion for a temporary restraining order, (Docket Entry No. 7), is denied.  This civil action is dismissed, with prejudice.  A final judgment is entered separately.  The court will enter separately an order in the related criminal case granting the United States's petition to foreclose and to appoint a receiver.

SIGNED on April 21, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge